UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN C. SMART,<br><br>                     Petitioner,<br>     v.<br>TERRY ROYAL, *et al.*,<br><br>                    Respondents. | Case No. 3:24-cv-00355-MMD-CSD<br><br>ORDER |

**I.    SUMMARY**

*Pro se* Petitioner Jonathan C. Smart has filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254, moved for leave to proceed *in forma pauperis* ("IFP"), and moved for the appointment of counsel. (ECF Nos. 1, 1-1 ("Petition"), 3, 5, 9.) This matter comes before the Court for initial review under the Rules Governing Section 2254 Cases ("Habeas Rules"). The Court grants the IFP motions, defers ruling on the motion for appointment of counsel, and directs Smart to show cause why his Petition should not be dismissed as untimely and/or wholly unexhausted.

**II.    BACKGROUND[1]**

Smart challenges a conviction and sentence imposed by the Fourth Judicial District Court for Elko County. On February 25, 2021, the state court entered a judgment of conviction following a jury verdict for battery on a protected person resulting in substantial bodily harm. Smart appealed, and the Nevada Court of Appeals affirmed on January 24, 2022. Remittitur issued on February 18, 2022. Smart states that he did not file a state habeas petition. (*See* ECF No. 1-1 at 1.)

---

[1]Because the Fourth Judicial District Court for Elko County does not have online docket records, the information in this background section comes from the Petition and the Nevada appellate courts' online docket records, which are accessible by the public at http://caseinfo.nvsupremecourt.us/public/caseSearch.do.

On or about August 8, 2024, Smart initiated this federal habeas corpus proceeding. (ECF No. 1.) This Court instructed Smart to file his missing IFP application documents. (ECF No. 4.) Smart timely complied. (ECF No. 9.)

### III. DISCUSSION

Habeas Rule 4 requires the district court judge to examine the habeas petition and order a response unless it "plainly appears" that the petition is not entitled to relief. *See Valdez v. Montgomery*, 918 F.3d 687, 693 (9th Cir. 2019). This rule allows courts to screen and dismiss petitions that are patently frivolous, vague, conclusory, palpably incredible, false, or plagued by procedural defects. *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998); *Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990) (collecting cases). It appears that Smart's Petition is untimely and/or unexhausted.

#### A. Timeliness

The Antiterrorism and Effective Death Penalty Act ("AEDPA") establishes a one-year period of limitations for state prisoners to file a federal habeas petition under 28 U.S.C. § 2254. The one-year limitation period begins to run from the latest of four possible triggering dates, with the most common being the date on which the petitioner's judgment of conviction became final by either the conclusion of direct appellate review or the expiration of the time for seeking such review. *See* 28 U.S.C. § 2244(d)(1)(A). For a Nevada prisoner pursuing a direct appeal, a conviction becomes final when the 90-day period for filing a petition for certiorari in the Supreme Court of the United States expires after a Nevada appellate court has entered judgment or the Nevada Supreme Court has denied discretionary review. *See Harris v. Carter*, 515 F.3d 1051, 1053 n.1 (9th Cir. 2008); *Shannon v. Newland*, 410 F.3d 1083, 1086 (9th Cir. 2005); Nev. Sup. Ct. R. 13. The federal limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. § 2244(d)(2).

Here, it appears that Smart's conviction became final when the time expired for filing a petition for writ of certiorari with the United States Supreme Court on April 25, 2022. The federal statute of limitations thus began to run the following day: April 26, 2022. Because Smart did not file a state habeas petition, the federal statute of limitations expired 365 days later on April 26, 2023. Accordingly, absent another basis for tolling or delayed accrual, Smart filed his Petition one year and three months after the AEDPA limitation period expired.

Therefore, the Court issues an order to show cause ("OSC") directing Smart to show cause why the Petition should not be dismissed with prejudice as time barred. In this regard, Smart is informed that the one-year limitations period may be equitably tolled. Equitable tolling is appropriate only if the petitioner can show that: (1) he has been pursuing his right diligently, and (2) some extraordinary circumstance stood in his way and prevented timely filing. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). "[E]quitable tolling is unavailable in most cases." *Miles v. Prunty*, 187 F.3d 1104, 1107 (9th Cir. 1999). And "'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (quoting *United States v. Marcello*, 212 F.3d 1005, 1010 (7th Cir. 2000)). Smart ultimately has the burden of proof on this "extraordinary exclusion." *Miranda*, 292 F.3d at 1065. He must demonstrate a causal relationship between the extraordinary circumstance and the lateness of his filing. *See, e.g.*, *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003); *accord Bryant v. Ariz. Att'y Gen.*, 499 F.3d 1056, 1061 (9th Cir. 2007).

Smart further is informed that, under certain circumstances, the one-year limitation period may begin running on a later date[2] or may be statutorily tolled. And Smart is

---

[2] 28 U.S.C. § 2244(d)(1) provides as follows:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of:

3

informed that if he seeks to avoid application of the limitation period based upon a claim of actual innocence, he must come forward with new reliable evidence tending to establish actual factual innocence, *i.e.*, tending to establish that no juror acting reasonably would have found him guilty beyond a reasonable doubt. *See McQuiggin v. Perkins*, 569 U.S. 383 (2013); *House v. Bell*, 547 U.S. 518 (2006); *Lee v. Lampert*, 653 F.3d 929 (9th Cir. 2011). In this regard, "'actual innocence' means factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998).

### B.  Exhaustion

A claim remains unexhausted until the petitioner has given the highest available state court the opportunity to consider the claim through direct appeal or state collateral-review proceedings. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc). To properly exhaust state remedies on each claim, the habeas petitioner must "present the state courts with the same claim he urges upon the federal court." *Picard v. Connor*, 404 U.S. 270, 276 (1971). The federal constitutional implications of a claim, not just issues of state law, must have been raised in the state court to achieve exhaustion. *See Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair

---

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

presentation requires both the operative facts and federal legal theory upon which a claim is based). A claim is not exhausted unless the petitioner has presented to the state court the same operative facts and legal theory upon which his federal claim is based. *See Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

In his sole ground for relief in his Petition, Smart alleges that his due process rights were violated because he should have been charged with a misdemeanor, not a felony. (ECF No. 7.) However, Smart did not raise this ground in his direct appeal before the Nevada appellate courts.[3] *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991) (explaining that the exhaustion requirement is "grounded in principles of comity; in a federal system, the States should have the first opportunity to address and correct alleged violations of state prisoner's federal rights"). Accordingly, Smart must also respond to the OSC by showing cause why his Petition, which appears to be wholly unexhausted, should not be dismissed.

In this regard, Smart is informed that a federal district court is authorized to stay an unexhausted petition in "limited circumstances" to allow a petitioner to present unexhausted claims to the state court without losing his right to federal habeas review due to the relevant one-year statute of limitations. *See Rhines v. Weber*, 544 U.S. 269, 273-75 (2005). Where a petitioner is attempting in good faith to exhaust state remedies but is unsure whether state proceedings for post-conviction relief are "properly filed" under 28 U.S.C. § 2244(d)(2), he may file a "protective petition" in federal court and ask for a stay and abeyance of the federal habeas proceedings until he exhausts his state remedies. *See id.* at 278.

///

///

---

[3] In his direct appeal, Smart only alleged that the state court abused its discretion in admitting (1) evidence that he possessed a glass methamphetamine pipe at the time of his arrest and (2) bad act evidence pertaining to him resisting and evading arrest.

## III. CONCLUSION

It is therefore ordered that the applications to proceed *in forma pauperis* (ECF Nos. 1, 9) are granted.

It is further ordered that Petitioner Jonathan C. Smart must respond to the Court's order to show cause within 45 days of the date of this order, demonstrating why this action should not be dismissed as (1) untimely and/or (2) unexhausted. If Smart does not timely respond to this order, the Petition will be dismissed without further advance notice. If Smart responds but fails to show with specific, detailed, and competent evidence why the Petition should not be dismissed, the action will be dismissed.

DATED THIS 30th Day of September 2024.

_____
MIRANDA M. DU
CHIEF UNITED STATES DISTRICT JUDGE