UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| JONATHAN C. SMART,<br><br>　　　　　　Petitioner,<br>　v.<br>TERRY ROYAL, *et al.*,<br><br>　　　　　　Respondents. | Case No. 3:24-cv-00355-MMD-CSD<br><br>ORDER |

**I.　SUMMARY**

*Pro se* Petitioner Jonathan C. Smart filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254. (ECF No. 1-1 ("Petition").) Following a review of the Petition, the Court directed Smart to show cause why his Petition should not be dismissed as untimely and/or wholly unexhausted. (ECF No. 10.) Smart timely responded. (ECF No. 11.) For the reasons discussed below, the Court dismisses the Petition with prejudice.

**II.　DISCUSSION**

The Court previously determined that Smart filed his Petition one year and three months after his limitations period expired. (ECF No. 10 at 3.) Smart does not dispute this finding. Rather, in response to the order to show cause, Smart states the following: "The untimely question does not excuse the courts 'backing' to a wrongful conviction, of the 'due process clause' as a pre-trial detainee." (ECF No. 11 at 1.) Instead of attempting to demonstrate that he is entitled to equitable tolling, statutory tolling, or delayed accrual[1], Smart argues that the Court should review his Petition regardless of its untimeliness. This is nonresponsive to the order to show cause. The Court finds the Petition is untimely.

---

[1]It appears that Smart may be arguing that he is actually innocent. (ECF No. 11 at 1.) In this regard, Smart questions how the victim's testimony could be considered under oath if he was taking medication at the time. (*Id.*) This fails to meet the standard for showing actual innocence. *See Bousley v. United States*, 523 U.S. 614, 623 (1998) ("'[A]ctual innocence' means factual innocence, not mere legal insufficiency.").

1    The Court also previously determined that Smart's sole asserted ground for relief—
that his due process rights were violated because he should have been charged with a
misdemeanor, not a felony—was not raised in his direct appeal before the Nevada
appellate courts,[2] meaning that his Petition is unexhausted. (ECF No. 10 at 5.) In
response, Smart argues the facts of his case and explains, "[a]ll appeal process are still
available, if this court does not grant [him] habeas relief." (ECF No. 11 at 1.) This is also
nonresponsive to the order to show cause, so this Court also finds that the Petition is
unexhausted.

Accordingly, the Court dismisses the Petition. The Court previously deferred ruling on Smart's motion for appointment of counsel (ECF No. 5), and now denies that motion as moot given the dismissal.

### III.  CONCLUSION

It is therefore ordered that Smart's Petition (ECF No. 1-1) is dismissed as untimely and wholly unexhausted.

It is further ordered that Petitioner's motion for appointment of counsel (ECF No. 5) is denied as moot.

It is further ordered that a certificate of appealability is denied, as jurists of reason would not find dismissal of the Petition for the reasons stated herein to be debatable or wrong.

///
///
///
///
///
///

---

[2]Notably, Smart did not file a state habeas petition.

2

The Clerk of Court is directed to (1) file the Petition (ECF No. 1-1); (2) add Nevada Attorney General Aaron D. Ford as counsel for Respondents[3]; (3) informally serve the Nevada Attorney General with the Petition (ECF No. 1-1), this Order, and all other filings in this matter by sending notices of electronic filing to the Nevada Attorney General's office; (4) enter final judgment; and (5) close this case.

DATED THIS 14th Day of November 2024.

MIRANDA M. DU
UNITED STATES DISTRICT JUDGE

---

[3] No response is required from Respondents other than to respond to any orders of a reviewing court.